Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 478 | **DATE** | 4/21/2000 |
| **CASE TITLE** | Sharp vs. United Airlines | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's bill of costs is granted in part and denied in part. Plaintiff must pay $1,458.60 in costs. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 24 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 56 |
| | Copy to judge/magistrate judge. | | | |
| | | | 4/21/2000 | |
| MPJ | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BETTINA S. SHARP,           )
                            )
       Plaintiff,           )
                            )
v.                          )    No. 99 C 478
                            )
UNITED AIRLINES, INC.,      )
                            )
       Defendant.           )

DOCKETED
APR 24 2000

DOCKETED
APR 24 2000

## MEMORANDUM OPINION AND ORDER

Bettina Sharp sued United Air Lines ("United") for violating the Pregnancy Discrimination Act when it refused to accommodate her pregnancy by letting her accept a settlement offer after the deadline for acceptance had passed. I granted United summary judgment, and it has filed a bill of costs. A prevailing party is generally entitled to its costs as defined in 28 U.S.C. § 1920. Fed.R.Civ.Pro. 54(d); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997).

Court reporter fees are recoverable if transcripts are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The rates established by the Judicial Conference allow a prevailing party to recover $3.00 per page for regular delivery and $4.00 per page for expedited delivery of original transcripts. These rates apply to transcripts obtained from both official and private court reporters. *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 456 (7th Cir. 1998).

Ms. Sharp objects that United exceeded the transcript rate of $3.00 per page for the depositions of Tom Jerman and Jennifer Hale. United claims it needed these in conjunction with its motion for summary judgment and indeed included excerpts in its pleadings filed on November 30, 1999. Due to the short turnaround, I will allow the defendant the 7-day expedited rate of $4 per page for Mr. Jerman's deposition, taken on November 17, 1999, and the actual expedited rate charged by the court reporter of $3.70 per page for Jennifer Hale's deposition, taken on November 18, 1999.

Ms. Sharp claims the deposition and transcript costs of Edith Benay were altogether unnecessary, claiming her testimony was not used in United's summary judgment papers -- which United denies. The standard for recovery is "whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998)(internal quotations omitted). United claims that Ms. Sharp's own behavior belies her objection; she too ordered a copy of the transcript and announced her intent to call Ms. Benay as a witness. I agree that Ms. Sharp has not affirmatively demonstrated that United is not entitled to this cost. *M.T. Bonk Co. v. Milton Bradley, Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991).

Ms. Sharp claims that United errs where it seeks reimbursement for extra copies of court-filed documents and its document production, objections which United deems frivolous. They are not. For court-filed documents, United provided the original and one copy to the court, a copy to the plaintiff, and made a copy for itself. In *Martin v. United States*, 931 F.2d 453, 455 (7th Cir. 1991), Judge Easterbrook wrote that "only the marginal costs of reproduction may be taxed against one's adversary." One of the opinions upon which the court relied states this concept in plain English: "Although the cost of using a word processor to print or produce copies of briefs is reimbursable, the cost of using a word processor to produce the original of the brief is not." *Intercontinental Apparel, Inc. v. Danik, Inc.*, 777 F.2d 775 (D.D.C. 1985)(citation omitted). Thus, United cannot recover the cost of producing original documents filed with the court on its own word-processor, *see id.*, nor can it recover the cost of copies made for its own use. *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990)(statutory language does not encompass prevailing party's copying of court filings for its own use). Therefore, United may recover only for copies provided to the court and to opposing counsel. *Barnett v. City of Chicago*, 1999 WL 138813, *5 (N.D. Ill. 1999). Similarly, I disallow United's cost to copy its own set of its documents produced to the plaintiff because "however valuable and

3

convenient that may have been to defendant's preparation of its case, it was nonetheless for the convenience of defendant's attorneys, since defendant after all had the originals of the documents in its possession." *Baxter Int'l Inc. v. McGaw, Inc.*, 1998 WL 102668, *2 (N.D. Ill. 1998)(additional copy of production documents disallowed); see also *Haroco v. American Nat'l Bank & Trust of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994)(copies of discovery documents and filed papers by law firm for own convenience noncompensable).

United's bill of costs is GRANTED in part and DENIED in part. Ms. Sharp is ordered to reimburse United for transcript fees of $1,207.20, comprised of transcript costs of $390 for Sharp, $392 for Jerman, $255.70 for Hale, and $169.50 for Benay. I have reduced the number of recoverable copies to two for court-filed documents and one for documents provided only to opposing counsel, so United can recover $251.40 in copying costs (1,257 pages at $.20 per copy).

ENTER ORDER:

*Elaine L Bucklo*

Elaine E. Bucklo
United States District Judge

Dated: April 21, 2000

Copies are being mailed to:

Rene Hernandez
Attorney at Law
613 S. State Street
Belvidere, IL 61008

Attorney for Plaintiff

Joel H. Kaplan
Seyfarth, Shaw, Fairweather
 & Geraldson
55 E. Monroe Street, #4200
Chicago, IL 60603

Attorney for Defendant